

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LIBERTY MUTUAL GROUP as subrogee of LAUREN WALLACE, ) ) | Civil Action No. |
| ) ) | |
| Plaintiff, ) ) | **0 7 - 7 5 5** |
| v. ) ) | |
| JOSEPH A. WASHINGTON ) 840 NW 168th Drive ) Miami, FL 33169-5323 ) | |
| AND ) ) | |
| SINCLAIR OPERATING CO. ) 1000 Greenside Drive ) Cockeysville, MD 21030 ) | |
| AND ) ) | |
| DEPARTMENT OF UNITED STATES ARMY ) c/o Aberdeen Proving Ground ) Building 310/Wing 2 ) Aberdeen Proving Ground, MD 21005 ) | |
| AND ) ) | |
| UNITED STATES OF AMERICA ) ) | |
| Defendants.. ) | |

## COMPLAINT

Plaintiff, by and through its attorneys, Reger Rizzo Kavulich & Darnall LLP, hereby allege as

follows:

1.    Plaintiff, Liberty Mutual Group ("Liberty"), a/s/o Laureen Wallace, is a Corporation

licensed to conduct the business of insurance in the State of Delaware.

2.    At all times relevant hereto, Plaintiff, Liberty, provided a policy of automobile liability

insurance coverage including no-fault and collision insurance coverage to Laureen Wallace.

3.     Defendant, Joseph A. Washington("Washington")is a resident of the State of Florida, with a permanent address of 840 NW 168th Drive, Miami, FL 33169-5323. Based on information and belief Washington is a member of the United States Army who was stationed at Aberdeen Proving Ground at the time of the accident. At all times material hereto, Washington operated a vehicle(the "vehicle") leased to the Department of the Army at Aberdeen Proving Ground, Aberdeen Maryland in the course and scope of his duties.

4.     Defendant, Sinclair Operating Co. ("Sinclair") is a company who is in the business of leasing vehicles. At all times material hereto, Sinclair was the owner of the vehicle driven by Washington.

5.     Defendant, Department of United States Army ("Army"), was the lessee of the vehicle that was driven by Defendant Washington. The Department of United States Army is a branch of the Department of Defense, which is operated by the United States of America ("USA").

6.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1346 (b), 2671-2680.

7.     On November 22, 2005 Plaintiff's subrogor, Lauren A. Wallace was traveling southbound in the 300 block of South Union Street in Wilmington Delaware in the left lane approaching Linden Street when her vehicle was struck by Defendant, Washington, as he was attempting to change lanes.

8.     Defendant Washington was negligent in that he:

  a)     Operated a motor vehicle on a public highway in a careless and imprudent manner in violation of 21 Del. C. §4176(a);

  b)     Operated a motor vehicle on a public highway while failing to give full time and attention to the operation of the motor vehicle, and also failed to maintain a proper lookout while operating the motor vehicle in violation of 21 Del. C. §4176(b);

c)   Failed to yield the right-of-way on a left turn in violation of 21 Del. C. §4132; and

d)   Failed to operate the motor vehicle as a reasonable and prudent person under the circumstances.

9.   Defendant, Sinclair was negligent in the following manner:

    a.   Defendant Sinclair permitted Defendant Washington to operate their vehicle in the State of Delaware when Defendant Sinclair knew or should have known that Defendant Washington would drive carelessly, negligently or recklessly;

    b.   Defendant Sinclair permitted Defendant Washington to operate his vehicle recklessly, with wilful or wanton disregard for the safety of persons and property;

    c.   Defendant Sinclair allowed their vehicle to be operated in a careless or imprudent manner by a person whom Sinclair knew or should have known would so operate the vehicle;

    d.   Defendant Sinclair failed to exercise due care to prevent damage to the vehicle of Plaintiff's insured in violation of their common law duty to motorists;

    e.   Defendant Sinclair was otherwise negligent.

10.   Defendant, Department of United States Army was negligent in following manner:

    a.   Defendant Army permitted Defendant Washington to operate their vehicle in the State of Delaware when Defendant Army knew or should have known that Defendant Washington would drive carelessly, negligently or recklessly;

    b.   Defendant Army permitted Defendant Washington to operate his vehicle

recklessly, with wilful or wanton disregard for the safety of persons and property;

c.   Defendant Army allowed their vehicle to be operated in a careless or imprudent manner by a person whom Defendant Army knew or should have known would so operate the vehicle;

d.   Defendant Army failed to exercise due care to prevent damage to the vehicle of Plaintiff's insured in violation of their common law duty to motorists;

e.   Defendant Army did not properly supervise vehicles to assure vehicles would not be used for non-military purposes.

f.   Defendant Army is liable for the actions of Defendant Washington as Washington was in the course and scope of his duties.

g.   Defendant Army was otherwise negligent.

11.   Defendant USA was negligent in the following manner:

a.   Defendant USA permitted Defendant Washington to operate their vehicle in the State of Delaware when Defendant USA knew or should have known that Defendant Washington would drive carelessly, negligently or recklessly;

b.   Defendant USA permitted Defendant Washington to operate his vehicle recklessly, with wilful or wanton disregard for the safety of persons and property;

c.   Defendant USA allowed their vehicle to be operated in a careless or imprudent manner by a person whom Defendant USA knew or should have known would so operate the vehicle;

d.   Defendant USA failed to exercise due care to prevent damage to the

vehicle of Plaintiff's insured in violation of their common law duty to
motorists;

e.   Defendant USA did not properly supervise vehicles to assure vehicles
would not be used for non-military purposes.

f.   Defendant USA is liable for the actions of Defendant Washington as
Washington was in the course and scope of his duties.

g.   Defendant USA was otherwise negligent.

12.   As a direct and proximate result of the aforesaid negligence of the Defendants the
Plaintiff's subrogor, Laureen Wallace, sustained property damages and rental fees in the amount of
$6,940.00 which was covered under Liberty's collision coverage.

13.   Liberty Mutual Group paid to on behalf of Laureen Wallace Personal Injury Protection
benefits in the amount of $12,332.20.

WHEREFORE, Liberty Mutual Group respectfully requests judgment entered in its favor and
against Defendants, jointly and severally, in the amount of $19,272.20, plus pre-judgment interest,
post-judgment interest, attorney's fees, costs and such other damages that the Court may deem just and
proper.

REGER RIZZO KAVULICH & DARNALL, LLP

Louis J. Rizzo, Jr., Esquire (ID # 3374)
1001 Jefferson Plaza, Suite 202
Wilmington, DE 19801
(302) 652-3611
Attorney for Plaintiff, Liberty Mutual Group

07 - 755                    ORIGINAL 

℞JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| LIBERTY MUTUAL GROUP as subrogee of LAUREN WALLACE | Joseph A. Washington, Sinclar Operating Co. Department of United States Army and United States of America |

(b)  County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c)  Attorney's (Firm Name, Address, and Telephone Number)
Louis J. Rizzo, Jr., Esquire, 1001 North
Jefferson St. Ste 202 Wilmington DE 19801

Attorneys (If Known)

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☒ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                    and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Exel. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V.  ORIGIN  (Place an "X" in One Box Only)

☒ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
another district
(specify)

☐ 6  Multidistrict
Litigation

☐ 7  Appeal to District
Judge from
Magistrate
Judgment

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC §1346(b)
Brief description of cause:
Subrogation claim for motor vehicle accident for PIP and Property Damage

## VII. REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

**DEMAND $**
19,272.20

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes  ☐ No

## VIII. RELATED CASE(S)
IF ANY

(See Instructions):

JUDGE _____

DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____ 0 7 - 7 5 5 _____

# ACKNOWLEDGMENT
# OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____ COPIES OF AO FORM 85.

_11/21/2007_____        _____
  (Date forms issued)            (Signature of Party or their Representative)

                            _William R. Stewart_____
                             (Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action